## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHIFICI ENTERPRISE D/B/A DEANIE'S SEAFOOD** | * | |
| | * | |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, INDIAN HARBOR INSURANCE COMPANY,  QBE SPECIALTY INSURANCE COMPANY,  STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, TRANSVERSE SPECIALTY INSURANCE COMPANY, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** | * * * * * * * * * * * * * * * * * * | **MAGISTRATE:** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**TO:   The Honorable Judges of the**
**United States District Court for the**
**Eastern District of Louisiana**

**NOW COMES**, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company ("Defendants"), without waiving any affirmative defenses or objections herein, including but not limited to, all defenses

under Federal Rules of Civil Procedure 8 and 12 and without waiving Defendants' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance contract, and hereby remove the case titled "*Chifici Enterprise d/b/a Deanie's Seafood v. Certain Underwriters at Lloyd's London, et al*" bearing Docket No. 845-233, Division O, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (Exhibit "1") (the "State Court Action") to this United States District Court for the Eastern District of Louisiana and show as follows:

1.    Removal is appropriate pursuant to this court's federal question jurisdiction vested by 28 U.S.C. §§ 1441 and 1446. Plaintiff, Chifici Enterprise d/b/a Deanie's Seafood ("Plaintiff" or "Insured"), seeks to recover from Defendants, in their capacity as insurers, for all benefits due under a contract of insurance issued to Plaintiff and which result from Hurricane Ida. The contract of insurance at the core of this cause contains a valid arbitration clause which is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and which, pursuant to 9 U.S.C. §§ 202, 203, and 205, vests this court with original jurisdiction. This action is properly removed to the United States District Court for the Eastern District of Louisiana as the federal district embracing the Parish of Jefferson, in which the State Court Action was filed and pending.

2.    In the State Court Action which is removed to this Court, plaintiff alleges that Defendants failed to comply with obligations arising from the insurance contract, all of which Defendants deny. The "matters in difference" evidenced by the State Court Action include, but are not limited to, disputes pertaining to valuation of adjustment of loss or damage, the grant of coverage under the insurance contract, provision of satisfactory proofs of loss, and applications and the extent of endorsements, exclusions and limitations on coverage under the insurance contract (Exhibit "2") (the "Insurance Contract").

2

3.      There is a valid arbitration agreement between Defendants and Plaintiff that falls under the Convention. Accordingly, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202 and 203. Removal to federal court is therefore appropriate pursuant to 9 U.S.C. § 205.

4.      The insurance contract sued upon provides for arbitration as follows:

SECTION VII – CONDITIONS

\*       \*       \*

C.   ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

5.   Defendants, through undersigned counsel, invoked their right to arbitrate all matters in dispute with Plaintiff by letter dated October 3, 2023.

6.   The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. More than one hundred countries have signed the Convention, including, in relevant part, the United States, the United Kingdom of Great Britain and Northern Ireland, and Germany.[1]

7.   Within the United States Code, Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"), and Chapter 2 of Title 9 is the enactment of the Convention (the "Convention Act"). Whereas the FAA governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in state and federal courts, the Convention Act controls arbitration disputes in the international context.[2] Pursuant to 9 U.S.C. §§ 201, *et seq.*, United States courts are required to enforce the Convention.

8.   Both the Supreme Court and United States Fifth Circuit Court of Appeals have explicitly recognized that the Convention, and the United States government's adoption and implementation of the Convention, has the purpose of "encourag[ing] the recognition and enforcement of commercial arbitration agreements and international contract and to unify the

---

[1] 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, reprinted following 9 U.S.C.A. § 201 (West Supp. 1998)(entered into force for the United States on 12/29/70), which Congress has implemented at 9 U.S.C. § 201, et seq. ("Convention Act").

[2] *Cf. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983) and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 638-40 (1985).

standard by which the agreements to arbitrate are observed and arbitral awards are enforcement in the signatory countries."[3] As it relates to removal, federal courts have recognized that "[t]he obvious purpose of [9 U.S.C. §§ 201, *et seq*], permitting removal of all cases falling within the terms of [the Convention] was to prevent the vagaries of state law from impeding its full implementation."[4]

9.      Section 202 of the Convention provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 USCS § 2], falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

10.     Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, the following:

> 1.  Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

> 2.  The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

11.     Section 203 of the Convention Act provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28 [28 USCS § 460])

---

[3] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974); *Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334 (5 Cir. 1976).
[4] *McCreary Tire & Rubber Co. v. Ceat S.p.A.*, 501 F.2d 1032, 1038 (3 Cir. 1974).

shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

12.     Finally, § 205 of the Convention Act provides:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title [9 USCS §§ 1 et seq.] any action or proceeding removed under this section shall be deemed to have been brought in the district court to which it is removed.

13.     The Fifth Circuit has recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention.[5] The threshold for determining whether a dispute "relates to" an arbitration provision governed by the Convention is exceptionally low- a plurality of federal courts, including the Fifth Circuit, have held that "[w]henever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the [arbitration] agreement 'relates to' the plaintiff's suit sufficient for removal jurisdiction."[6]

14.     The subject matter of the State Court Action "relates to" the arbitration agreement in the insurance policy.  As such, removal of the State Court Action to this federal forum is proper pursuant to 9 U.S.C. §§ 203 and 205.

---

[5] *Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373, 380 (5 Cir. 2006); *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5 Cir. 1994);
[6] *Beiser v. Weyler*, 284 F.3d 665, 669 (5 Cir. 2002) ("Whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the [arbitration] agreement 'relates to' the plaintiff's suit sufficient for removal jurisdiction."); See, *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323 (11 Cir. 2018) (11th Circuit citing to and adopting rule from *Beiser*); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 844 (8 Cir. 2012) (8th Circuit citing to and adopting rule from *Beiser*); *Infuturia Global Ltd. V. Sequus Pharms., Inc.*, 631 F.3d 1133, 137–38 (9 Cir. 2011) (9th Circuit citing to and adopting rule form *Beiser*).

15.     Defendants severally subscribe to the subject insurance contract issued to Plaintiff.[7] Further, Defendants are comprised of the following non-exclusive list of citizens of countries other than the United States:

   a.  HDI Global Specialty SE is registered under the law of Germany and has its principal place of business in Hannover, Germany. Germany is a signatory to the Convention.

   b.  Certain Underwriters at Lloyd's, London are comprised of the following:

      i.  Syndicate 2987 is an unincorporated association, the managing agent of which is Brit Syndicates Limited and sole corporate member of which is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England;

      ii. Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales and has its principal place of business in London, England.

      iii. Syndicate 33 is managed by Hiscox Syndicates Limited, which is listed on the London Stock Exchange. Hiscox Syndicates Limited is an indirectly wholly owned subsidiary of Hiscox Ltd., which is incorporated in Bermuda.

      iv. The United Kingdom of Great Britain and Northern Ireland is a signatory to the Convention.

---

[7] See, *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5 Cir. 2003).

16.     Plaintiff is Louisiana corporation organized and existing under the laws of the State of Louisiana, with a domicile and principal place of business in the State of Louisiana in the United States. The United States is a party to the Convention.

17.     In sum, this cause involves a commercial dispute under a written agreement that includes a valid arbitration agreement. The arbitration clause calls for the seat of arbitration to be in the United Stated, specifically New York state. The United States is a signatory to the Convention.

18.     As such, the elements necessary to compel arbitration, including establishing that the arbitration provision at issue is subject to the Convention, are satisfied and this case is properly removable to federal court.

19.     This removal is timely pursuant to 9 U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial", because no trial of Plaintiffs' claims has taken place.

20.     Consent to removal by all defendants is not required where, as here, the removal is based on a special right to remove which is specific to a particular party.[8] Defendants alone possess the substantive right to remove this action pursuant to the Convention and the arbitration provision contained in its Rules.

21.     Alternatively, and in addition to the foregoing basis for removal, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that the subject matter of the dispute is governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

---

[8] *See, e.g., Parisi v. Rochester Cardiothoracic Associates, P.C.*, 1992 WL 470521, at *1-2 (W.D.N.Y. 6/29/92).

22.     Alternatively, and in addition to the foregoing basis for removal, removal is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs.

23.     Plaintiff is a citizen of Louisiana.[9]

24.     Certain Underwriters at Lloyds, London is a domiciliary of each of the domiciles held by its various Names, none of which are citizens of Louisiana.

25.     Defendant, Indian Harbor Insurance Company, is incorporated in Delaware and has its principal place of business in Connecticut. Thus, Indian Harbor Insurance Company is a citizen of Delaware and Connecticut.

26.     Defendant, QBE Specialty Insurance Company, is incorporated in North Dakota and has its principal place of business in New York. Thus, QBE Specialty Insurance Company is a citizen of North Dakota and New York.

27.     Defendant, Steadfast Insurance Company, is incorporated in Delaware and has its principal place of business in Illinois. Thus, Steadfast Insurance Company is a citizen of Delaware and New York.

28.     Defendant, General Security Indemnity Company of Arizona, is incorporated in Arizona and has its principal place of business in New York. Thus, General Security Indemnity Company of Arizona is a citizen of Arizona and New York.

29.     Defendant, United Specialty Insurance Company, is incorporated in Delaware and has its principal place of business in Texas. Thus, United Specialty Insurance Company is a citizen of Delaware and Texas.

---

[9] See Petition for Damages, attached hereto as Exhibit 1.

30.     Defendant, Lexington Insurance Company, is incorporated in Delaware and has its principal place of business in Massachusetts. Thus, Lexington Insurance Company is a citizen of Delaware and Massachusetts.

31.     Defendant, HDI Global Specialty SE, is incorporated under the laws of Germany and has its principal place of business in Germany. Thus, HDI Global Specialty SE is a citizen of Germany.

32.     Defendant, Old Republic Insurance Company, is incorporated in Pennsylvania and has its principal place of business in Illinois. Thus, Old Republic Insurance Company is a citizen of Pennsylvania and Illinois.

33.     Defendant, GeoVera Specialty Insurance Company is incorporated in California and has its principal place of business in California. Thus, GeoVera Specialty Insurance Company is a citizen of California.

34.     Defendant, Transverse Specialty Insurance Company is incorporated in Texas and has its principal place of business in New Jersey. Therefore, Transverse Specialty Insurance Company is a citizen of Texas and New Jersey.

35.     Defendant, Hartford Steam Boiler Inspection and Insurance Company, upon information and belief, is incorporated in Connecticut and has its principal place of business in Connecticut. Therefore, Hartford Steam Boiler Inspection and Insurance Company is a citizen of Connecticut.

36.     Defendant, Travelers Casualty and Surety Company of America, upon information and belief, is incorporated in Minnesota and has its principal place of business in New York. Therefore, Travelers Casualty and Surety Company of America is a citizen of Minnesota and New York.

37.     Defendant, AMRISC, LLC, upon information and belief, is organized in Texas and has its principal place of business in Texas. Therefore, AMRISC, LLC is a citizen of Texas.

38.     It is "facially apparent" that the amount in controversy is likely above the required jurisdictional amount.[10]

39.     Pursuant to 28 U.S.C. § 1446(a), copies of all citations, pleadings and orders served on Defendants by Plaintiffs are attached herewith (See Exhibit 1).

40.     Defendants will give written notice of this removal to, and file a copy with, the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, as required by 28 U.S.C. § 1446(d).

41.     Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company, respectfully remove the above-captioned matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

---

[10] See, *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5 Cir. 1993)

| | |
|---|---|
| **<u>CERTIFICATE OF SERVICE</u>**<br><br>I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 4 October 2023.<br><br><br>_____*/s/ Talbot M. Quinn*_____ | Respectfully Submitted,<br><br>**DEUTSCH KERRIGAN, LLP**<br><br>BY: __*/s/ Talbot M. Quinn*_____<br>**SEAN P. MOUNT, #27584**<br>**smount@deutschkerrigan.com**<br>**BRYCE M. ADDISON, #36345**<br>**baddison@deutschkerrigan.com**<br>**TALBOT M. QUINN, #36632**<br>**tquinn@deutschkerrigan.com**<br>755 Magazine Street<br>New Orleans, LA 70130<br>Phone: 504-581-5141<br>Attorneys for defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company |