UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **CHIFICI ENTERPRISE** <br> **D/B/A DEANIE'S SEAFOOD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5764** <br> **c/w 23-5766, 23-6133,** <br> **23-6143** |
| **CERTAIN UNDERWRITERS** <br> **AT LLOYD'S LONDON ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendants Certain Underwriters at Lloyd's London, General Security Indemnity Company of Arizona, GeoVera Specialty Insurance Company, HDI Global Specialty SE, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, Transverse Specialty Insurance Company, and United Specialty Insurance Company's Motion to Compel Arbitration and Stay Proceedings (Doc. 26). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Consolidated Plaintiffs Chifici Enterprise (d/b/a Deanie's Seafood); Barchi, LLC (d/b/a Deanie's French Quarter); Bucktown Development, LLC; and Olive Catering Services, LLC (d/b/a Deanie's on Magazine) allege that Defendants Certain Underwriters at Lloyds London, General Security Indemnity

1

Company of Arizona, GeoVera Specialty Insurance Company, HDI Global Specialty SE, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, Transverse Specialty Insurance Company, and United Specialty Insurance Company ("the insurers") issued a policy of surplus lines insurance bearing Account No. 824276 ("the Policy") to Plaintiffs covering property located at 1713 Lake Avenue in Metairie, Louisiana; 841 Iberville Street in New Orleans, Louisiana; and 2200 Magazine Street in New Orleans, Louisiana. Plaintiffs assert breach of contract claims, breach of the duty of good faith and fair dealing, and entitlement to bad faith damages under Louisiana Revised Statutes §§ 22:1892 and 22:1973 for Defendants' alleged failure to timely and adequately compensate Plaintiffs for their losses covered under the Policy.

    On August 22 and 23, 2023, Plaintiffs each filed separate suits in the 24th Judicial District Court for the Parish of Jefferson. On October 4, 2023, all cases were removed to this Court and thereafter consolidated.[1] Pursuant to the Eastern District's Hurricane Ida Case Management Orders, this case is subject to the Streamlined Settlement Program.[2] Defendants have been granted leave to opt out of the Streamlined Settlement Program, solely to the extent necessary to prosecute this Motion to Compel Arbitration.[3] Defendants have now moved to compel arbitration of this dispute pursuant to an arbitration agreement in the Policy. Plaintiffs have not filed any opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed.

---

[1] Doc. 21.
[2] Doc. 5.
[3] Case No. 23-cv-5764, Doc. 9; Case No. 23-cv-5766, Doc. 9; Case No. 23-cv-6133, Doc. 10; Case No. 23-cv-6143, Doc. 10.

The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[4] Instead, the Court will consider the Motion's merits.

## LEGAL STANDARD

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") governs the recognition and enforcement of arbitration agreements between citizens of nations that are signatories to the convention.[5] The United States joined the Convention in 1970, with a goal to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[6] The Convention is implemented by the Federal Arbitration Act (FAA), which provides for enforcement in United States courts.[7]

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry."[8] Courts "should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal

---

[4] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. For State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[5] *See* Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1144 (5th Cir. 1985).

[6] Authenment v. Ingram Barge Co., 878 F. Supp. 2d 672, 676 (E.D. La. 2012) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)); Todd Steamship Mut. Underwriting Ass'n (Bermuda) Ltd., 601 F.3d 329, 332 n.4 (5th Cir. 2010). Where applicable, the Convention supersedes state law. *See* McDonnel Grp., LLC v. Great Lakes Ins. Se., 923 F.3d 427, 431–32 (5th Cir. 2019); Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

[7] 9 U.S.C. §§ 201–208.

[8] Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 339 (5th Cir. 2004).

relationship, and (4) a party to the agreement is not an American citizen."[9] If these four requirements are met, "arbitration agreements and clauses are to be enforced unless they are invalid under principles of state law that govern all contracts."[10]

## LAW AND ANALYSIS

Defendants assert that the arbitration clause at issue is enforceable under the Convention. The arbitration provision at issue provides in relevant part that:

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> . . .
>
> The seat of the Arbitration shall be New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.[11]

First, there is a written agreement to arbitrate the dispute contained in the Policy. Second, the provision provides for arbitration in New York, which is within a signatory country.[12] Third, the insurance agreement arises out of a commercial legal relationship—a commercial insurance policy—between

---

[9] Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002) (citing *Sedco*, 767 F.2d at 1144–45).

[10] Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159, 166 (5th Cir. 2004). Thus, the Court must enforce the arbitration clause "unless it finds that the said agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (citing *Sedco*, 767 F.2d at 1146).

[11] Doc. 26-2 at 37.

[12] *Freudensprung*, 379 F.3d at 339.

Plaintiffs and Defendants.[13] The fourth requirement that a party to the agreement is not an American citizen, however, is less clear.

For an agreement to fall under the Convention, at least one party to the arbitration agreement must be a foreign or non-American citizen.[14] Defendants argue that this requirement is met because Certain Underwriters at Lloyd's London and HDI Global Specialty SE are foreign citizens and parties to the insurance agreement.[15] In this case, however, the allocation endorsement to the Policy states that the "contract shall be construed as a separate contract between the Insured and each of the Underwriters."[16] Accordingly, this Court finds that the contracts between Plaintiffs and each insurer are separate agreements.[17] Because Defendants General Security Indemnity Company of Arizona, GeoVera Specialty Insurance Company, Indian Harbor Insurance Company, Lexington Insurance Company, Old Republic Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, Transverse Specialty Insurance Company, and United Specialty Insurance are citizens of the United States, this fourth requirement of the Convention is not facially met as to these insurers. Defendants, however, argue that Plaintiffs should be equitably estopped from objecting to arbitration against the domestic

---

[13] *See Francisco*, 293 F.3d at 273; 9 U.S.C. § 202 (defining a "commercial legal relationship" as "including a transaction, contract, or agreement described in section 2 of [Title 9]," which includes "a contract evidencing a transaction involving commerce"); Harvey v. Certain Underwriters at Lloyd's, London, No. 22-4049, 2023 WL 4485083 (E.D. La. June 6, 2023).

[14] *Sedco*, 767 F.2d at 1145.

[15] Doc. 26-1 at 9–10.

[16] Doc. 26-2 at 4.

[17] Apex Hospitality Grp., LLC v. Indep. Specialty Ins. Co., No. 23-2060, 2024 WL 758392 (E.D. La. Feb. 23, 2024) (Milazzo, J.). *See also* City of Kenner v. Certain Underwriters at Lloyd's, London, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022) (Barbier, J.); City of Kenner v. Certain Underwriters at Lloyd's London, No. 22-2167, 2022 WL 16961130 (E.D. La. Nov. 16, 2022) (Vance, J.); Acad. of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London, 651 F. Supp. 3d 822 (E.D. La. 2023) (Africk, J.).

insurers while participating in parallel arbitration proceedings with the foreign insurers.

The Fifth Circuit has held that "application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract."[18] "Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."[19]

This Court finds that Plaintiffs have alleged "interdependent and concerted" conduct by Defendants in their state court petitions.[20] The Court finds the opinion in *Academy of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London* instructive on this point:

> Although the insurance policy states that plaintiffs have separate contracts with each insurer, there is one insurance policy document that sets forth the terms and conditions of the coverage on the risk. The operative policy language is identical as to all of the insurers, foreign and domestic.[21]

Here too, there is one insurance policy that sets forth the terms and conditions of coverage, and the operative policy language is identical as to each defendant-insurer.[22]

---

[18] Grigson v. Creative Artists Agency LLC, 210 F.3d 524, 527 (5th Cir. 2000) (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).
[19] *Id.*
[20] *See City of Kenner*, 2022 WL 307295, at *3.
[21] *Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830 (quoting Port Cargo Servs., LLC v. Certain Underwriters at Lloyd's London, No. 18-6192, 2018 WL 4042874, at *3 (E.D. La. Aug. 24, 2018)).
[22] *See* Doc. 25-3; Doc. 1-2 at 7 ("The Policy is an insurance contract between Plaintiff and Defendants that provides coverage for the losses resulting from Hurricane Ida.").

6

Plaintiffs fail to distinguish between the conduct of each defendant in these consolidated cases. Here, Plaintiffs allege—without differentiation—that Defendants performed inspections of the damages to the insured properties and grossly underreported property damages.[23] Plaintiffs allege that Defendants failed to timely tender adequate funds under the Policy.[24] Plaintiffs further allege that Defendants conducted investigations and claims handling in bad faith, among other acts.[25] Because of the Defendants' actions, Plaintiffs aver that Defendants breached the insurance contract and their affirmative statutory duties under Louisiana law. Accordingly, this Court finds that Plaintiffs failed to differentiate purported wrongful conduct by the insurers and therefore charged them with conduct that was "interdependent and in concert" in connection with their handling of Plaintiffs' insurance claims.[26] Equitable estoppel is therefore warranted in this case, and Plaintiffs must arbitrate their asserted claims against Defendants.

Defendants have asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

---

[23] Case No. 23-cv-5764, Doc. 1-2 at 8; Case No. 23-cv-5766, Doc. 1-2 at 5; Case No. 23-cv-6133, Doc. 1-2 at 5; Case No. 23-cv-6143, Doc. 1-2 at 5.

[24] Case No. 23-cv-5764, Doc. 1-2 at 10; Case No. 23-cv-5766, Doc. 1-2 at 6; Case No. 23-cv-6133, Doc. 1-2 at 6; Case No. 23-cv-6133, Doc. 1-2 at 6.

[25] Case No. 23-cv-5764, Doc. 1-2 at 9; Case No. 23-cv-5766, Doc. 1-2 at 6; Case No. 23-cv-6133, Doc. 1-2 at 6; Case No. 23-cv-6133, Doc. 1-2 at 6.

[26] *See City of Kenner*, 2022 WL 307295, at *3. *See also Acad. of Sacred Heart of New Orleans*, 651 F. Supp. 3d at 830; Holts v. TNT Cable Contractors, Inc., No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020) (Feldman, J.).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 26) is **GRANTED**. Plaintiffs' claims against Defendants Hartford Steam Boiler Inspection and Insurance Company and AmRisc, LLC remain pending before this Court.

New Orleans, Louisiana, on this 27th day of March, 2024.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**